# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **CAMDEN SINGLETON**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | Case No. 2:25-cv-953 |
| | Judge: |
| **NAPLES FLATBREAD ESTERO, LLC**, a Florida limited liability company, | Mag. Judge: |
| Defendant. | |

## COMPLAINT

**NOW COMES** the Plaintiff, by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action for unpaid overtime wage compensation and unlawful retaliation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA").

### PARTIES

2. The Plaintiff is an individual and resident of Florida who at all material times also worked for the Defendant in Lee County, Florida. At all times, Plaintiff had enterprise and individual coverage under the FLSA during

1

his employment with the Defendant, **NAPLES FLATBREAD ESTERO, LLC** ("Defendant"). Plaintiff was employed by the Defendant and performed work in Lee County, Florida. At all material times, **SINGLETON** was employed by the Defendant as a pizza cook (though he has no culinary degree) and was misclassified as exempt by the Defendant. **SINGLETON** does not have the authority to hire or fire other employees, nor are any of his suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given any particular weight. A great number of the customers **SINGLETON** served were residents of other states who visit Southwest Florida on only a seasonal basis. **SINGLETON** began the flow of interstate commerce for by, *inter alia*, by loading, unloading and utilizing goods, food and tools from out-of-state sources. **SINGLETON** performed work in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **SINGLETON** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3.   The Defendant is a Florida limited liability company and has a principal place of business located in Lee County, Florida. Defendant has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Defendant's employees are engaged in interstate

2

commerce, and their business model specifically involves interstate purchases and sending/receiving goods and funds from out-of-state sources. Defendant collects monies, much of which is from out-of-state financial institutions. Defendant has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. Defendant supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment for Plaintiff. Defendant maintains employment records of Plaintiff. Defendant is the employer of Plaintiff.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff performed work for the Defendants who conduct business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.  **SINGLETON** began his employment with the Defendant in or about November 17, 2022, and is employed as a cook.

7.  **SINGLETON** has always performed his assigned duties in a professional manner and is very well qualified for his position.

8.  The Defendant pays **SINGLETON** based upon the number of hours he works, but has intentionally misclassified him as being overtime exempt.

9.  During most weeks of his employment, **SINGLETON** has worked in excess of 40-hours per week nearly each week he was employed by the Defendant, averaging approximately 55-hours per week during the busy winter/springs seasons without receiving the overtime compensation he was lawfully entitled to under the FLSA.

10. Because of the Defendant's intentional misclassification of **SINGLETON**, he was deprived of unpaid overtime compensation for nearly each of the approximately 110-weeks of his employment thus far.

11. The Defendant has thus violated the FLSA by failing to pay overtime wages due to **SINGLETON**.

12. **SINGLETON** repeatedly complained to the Defendant about not being paid the overtime he was lawfully entitled to but the Defendant has refused to pay him properly.

**COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME**

13. The Plaintiff hereby incorporates Paragraphs 1-12 in this Count as though fully set forth herein.

14. Plaintiff was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendant.

15. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked in excess of 40 hours per week.

16. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation.

17. The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

18. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

19. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

20. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

21. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in Plaintiff's favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of

litigation, interest, and reasonable attorneys' fees.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: October 22, 2025  **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com